FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 2 2 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**LEVAN BROWN**                                                      **PLAINTIFF**

VS.          CASE NO. 2:20-cv-00135-BSM

**CITY OF DERMOTT, COBE HEARD, INDIVIDUALLY,
AND ERIC EVANS, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY AS CHIEF OF POLICE
FOR THE CITY OF DERMOTT**                                            **DEFENDANTS**

## COMPLAINT

Comes the Plaintiff, **LEVAN BROWN**, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for his Complaint, he states:

## PARTIES & JURISDICTION

1.      Plaintiff is a former police officer who worked for the City of Dermott, a public entity, organized and existing under the laws of the State of Arkansas. Eric Evans is being sued in his individual and Official Capacity as the Chief of Police for the City of Dermott, for violation of Plaintiff's state and federal constitutional rights. This is an action to redress deprivation of Plaintiff's First Amendment rights guaranteed him under the First Amendment to the United States Constitution and the right to remonstrate under Article II, Section 22, of the Arkansas Constitution, as permitted by 42 USC 1983 and the Arkansas Civil Rights Act of 1993. Plaintiff also brings a cause of action for violation of the Arkansas Whistleblower Protection Act.

2.      Since the acts giving rise to this action arose in this Court's district, venue is proper under 28 USC 1391. This Court has personal and subject matter jurisdiction over the parties under 28 USC 1331, as well as supplemental jurisdiction under 28 USC 1367. All actions have been taken under the color of state law.

This case assigned to District Judge Miller
and to Magistrate Judge Ray

## GENERAL ALLEGATIONS OF FACTS.

3. In 2017, Plaintiff was employed as a police officer for the City of Dermott.

4. At all times relevant, Plaintiff performed his job satisfactorily.

5. While employed by the City of Dermott, Plaintiff witnessed multiple incidents of excessive force.

6. In November of 2019, you saw fellow officer Cobe Heard using excessive force and complained to the Mayor and the Chief.

7. Defendant then made the hostile work environment by refusing to allow Plaintiff sick leave and issue Plaintiff a car.

8. When Plaintiff called in sick, Plaintiff was terminated in January of 2019.

9. Defendants claimed Plaintiff was a no call/ no show but he was not, and they knew it. Defendants have also falsely told Plaintiff's prospective employers that Plaintiff stole money, causing Plaintiff to lost reputation and wages.

10. The termination was in retaliation for Plaintiff's reports of excessive force. Defendant had treated other officers better, including Officer Coby Heard. In fact, Defendants allowed Officer Heard to sexually harass other employees and threaten the Plaintiff. Heard continued to threaten the Plaintiff after Plaintiff was terminated in order to smear the Plaintiff in the community.

## COUNT I

11. Plaintiff realleges the foregoing against all Defendants as if fully set out herein.

12. By virtue of the facts alleged herein, Plaintiff had a clearly established right to express his opposition to violation of a citizen's constitutional rights as a citizen and to testify in Court as a citizen. Thus, Plaintiff's provision of the video, as well as his speech protesting the use of excessive force to the Chief, were protected under the First Amendment of the United States Constitution, as well as Article II, Section 22, of the Arkansas Constitution.

13. Defendants fired Plaintiff for opposing excessive force. Evans was a policymaker, and the Mayor approved the decision to fire the Plaintiff. Thus, the decision to fire the Plaintiff constitutes a policy and custom of firing employees who exercise their 1st Amendment Rights.

14. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost earnings, lost reputation, and incurred other damages in an amount to be proven at trial.

15. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages against the Defendants in their individual capacity.

## COUNT II

16. Plaintiff realleges the foregoing against the City as if fully set out herein.

17. By virtue of the facts alleged herein, Plaintiff was terminated in violation of the Arkansas Whistleblower Protection Act by opposing sexual harassment and participating in a sexual harassment investigation against the Heard.

18. Plaintiff's protests were protected under the Arkansas Whistleblower Protection Act, as well as his participation in the investigation to determine whether or not a violation of the law prohibiting excessive force or sexual harassment existed.

19. Plaintiff had a good faith belief that Heard had violated the law by using excessive force and committing a felony.

20. Accordingly, Defendants' actions in terminating Plaintiff were in violation of the Arkansas Whistleblower Protection Act because he reported his concerns to an appropriate authority and participated in a sexual harassment investigation.

21. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost earning capacity, and incurred other damages in an amount to be proven at trial.

## **COUNT III**

22. Plaintiff realleges the foregoing against all Defendants as if fully set out herein.

23. Defendants have defamed the Plaintiff by accusing him of a crime to the community and prospective employers, causing him to lose wages and reputation,

24. Defendants claimed Plaintiff stole money but he did not.

25. Defendants actions deserve punitive damages.

## **JURY DEMAND**

22. Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff prays for appropriate compensatory and punitive damages, for front pay or, reinstatement, for reasonable attorneys' fees, for cost, for a trial by jury and for all other proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By: /s/ Luther Oneal Sutter
Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com

By: /s/ Lucien Gillham
Lucien Gillham, Esq., ARBN 99-0199
Lucien.gillham@gmail.com