IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**LEE VAN BROWN**                                                                 **PLAINTIFF**

vs.                         **CASE NO. 2:20-CV-00135-BSM**

**CITY OF DERMOTT, ARKANSAS,** *et al.*                        **DEFENDANTS**

## ORDER

Defendants' motion for summary judgment [Doc. No. 20] is granted, and Lee Van Brown's lawsuit is dismissed with prejudice.

## I. BACKGROUND

Brown is a former police officer with the Dermott, Arkansas Police Department. Pl.'s Resp. To Defs.' Facts ¶ 1, Doc. No. 30. In November 2019, Brown witnessed a fellow officer, Coby Heard, grab an arrestee by the neck. *Id.* ¶ 2; *See generally Hawkins v. Heard, et al.*, Case No. 2:21-CV-00055-BSM. A third officer reported the incident to Dermott Police Chief Eric Evans and the mayor learned of it at a city council meeting. Pl.'s Resp. To Defs.' Facts ¶¶ 3–4, 6; Brown Dep. at 33:1–20, Doc. No. 21-1.

A month after the incident, Heard alleged that Brown recovered money from a parolee named Arlin Britt during a search conducted by Heard and Brown, and that Brown failed to turn in the money to the police department. Pl.'s Resp. To Defs.' Facts ¶ 24-28. Heard alleged that Brown attempted to give him some of the money, but that he reported it to Chief Evans. *Id.* ¶¶ 25–29. Chief Evans took a statement from Britt in early January 2020 and then requested an Arkansas State Police investigation. *Id.* ¶¶ 32–34; Britt Statement, Doc. No.

21-4 at 8–10.

On January 31, 2020, Brown notified his supervisor, Sergeant Lee Edward Brown (who is also his brother), that he could not come to work because he was sick. *Id.* ¶ 36. Shortly thereafter, Sergeant Brown informed Brown that he was being terminated for being "no-call, no-show." *Id.* ¶ 37. Not only did Sergeant Brown lack authority to terminate Brown, but the chief never terminated him and neither the mayor nor city council ever approved his termination. *Id.* ¶¶ 40–41.

Before this incident took place, Brown had already been hired by the Lake Village, Arkansas Police Department, and was scheduled to start on February 13, 2020. *Id.* ¶ 35. After this incident, Brown spoke to the mayor, who suggested that he resign. *Id.* ¶ 42; Brown Dep. at 52:18–53:20. Brown resigned on February 5, 2023. Pl.'s Resp. To Defs.' Facts ¶ 43; Resignation Letter, Doc. No. 21-9. The Lake Village Police Department ultimately decided not to hire Brown because Chief Evans informed it that Brown was under investigation. Pl.'s Resp. To Defs.' Facts ¶ 44. Brown was also unable to get a job with the Eudora Police Department because of the pending investigation, but he did not learn that he was under investigation until months after his resignation. *Id.* ¶¶ 44-45.

In March 2021, Brown was charged with bribing a witness and abuse of office, but the charges were dismissed because the prosecutor was unable to locate Britt. *Id.* ¶¶ 50–51, 54.

Brown is suing Heard, Evans, and the City of Dermott for violating his rights under the Fourth Amendment, the Arkansas Constitution, the Arkansas Civil Rights Act

("ACRA"), the Arkansas Whistle-Blower Act, and for malicious prosecution. Defendants are moving for summary judgment on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Defendants' motion for summary judgment is granted.

A.  <u>Operative Complaint</u>

Brown's "supplemental complaint" [Doc. No. 28] is deemed the operative complaint and only the claims included therein will be fully addressed. This is appropriate because Brown's motion to "reopen and amend" was granted and his most recent pleadings re-allege some of his original claims that are based on factual allegations that existed when the original complaint was filed. Doc. Nos. 16-17; *See Francis ex. rel. Est. of Francis v.*

*Northumberland Cnty.*, 636 F.Supp.2d 368, 383 n.26 (M.D. Pa. 2009) ("...*supplementing* a pleading involves *merely adding* to the original pleading events occurring *subsequent* to the earlier pleading"). Although defendants argue that Brown's "supplemental complaint" was not timely filed, claims alleged therein will be considered because Brown put defendants on notice of them by attaching the proposed complaint to his motion to amend. Doc. No. 16-1.

    B.    <u>Unlawful Seizure</u>

Summary judgment is granted on Brown's unlawful seizure claims because he was not seized within the meaning of the Fourth Amendment. This is the case because Brown was never arrested and the fact that he was summons to appear in circuit court to answer the witness bribery and abuse of office charges did not amount to a seizure. *See Technical Ordnance, Inc. v. United States*, 244. F.3d 641, 651 (8th Cir. 2001); Brown Dep. at 68:13 ("No, I wasn't arrested."). Even if the summons issued to Brown is considered a seizure, summary judgment is still appropriate because the summons was supported by probable cause. *See Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1080 (8th Cir. 1990). This is true because Britt told both Chief Evans and the state police that Brown had confiscated money from him during a search, and the money was never returned. This provides probable cause for the abuse of office charge. *See Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011) ("[o]fficers may 'rely on the veracity of information supplied by the victim of a crime'") (citation omitted). Summary judgment is therefore appropriate on Brown's claims under the Fourth Amendment and ACRA. *See Ross v. City of Helena-West Helena*, 2020 WL 7034479, at *6 (E.D. Ark. Nov. 30, 2020) (Fourth Amendment and ACRA claims are

analyzed under the same framework).

Summary judgment is granted on Brown's claims under Article II, Section 22 of the Arkansas Constitution because section 22 prohibits the state from taking private property without just compensation. This section does not apply to cases such as this. *See Davenport v. Univ. of Ark. Bd. of Trustees*, 553 F.3d 1110 (8th Cir. 2009) (State university's decisions related to plaintiff's employment not deprive him of a constitutionally protected property interest). To the extent Brown intended to assert a claim under Article II, Section 15, which prohibits unreasonable searches and seizures, that claim fails for the same reasons as his Fourth Amendment and ACRA claims, as set forth in the previous two paragraphs.

    C.    <u>Arkansas Whistle-Blower Act</u>

Summary judgment is granted on Brown's Whistle-Blower claim because no reasonable jury could conclude that Brown was retaliated against for reporting excessive force by Heard. *See* Ark. Code Ann. § 21-1-603. This is true because Brown never reported the incident involving Heard to Chief Evans, and because the mayor heard about the incident at the city council meeting before Brown mentioned it to him. Brown Dep. at 28:10–29:1, 33:1–20. Moreover, the officer who first reported the incident to Chief Evans is still employed at the Dermott Police Department, Evans Dep. at 26:1–27:2, Doc. No. 21-6, and although Sergeant Brown reported the incident to Chief Evans, he remained with the department for more than a year afterward. *See generally Brown v. City of Dermott, Arkansas, et al.*, Case No. 2:21-cv-00110-BSM.

In his response to the summary judgment motion, Brown submits an affidavit stating

that he actually told a city council member about Heard's excessive force and was terminated within thirty days. Doc. No. 33-1. Brown did not provide this testimony during his deposition even though he was asked numerous questions about it. Even if Brown's affidavit is accurate, it does not create a material issue of fact because the record contains no evidence that this report was the reason for any adverse action against him. Furthermore, Brown's own statement of facts states that the mayor's adverse action against him was based on Brown's criminal charges [sic][1], not on a report he made about Heard. Doc. No. 30 at 15.

D. Malicious Prosecution

Summary judgment is granted on Brown's malicious prosecution claim because Britt's statements provided probable cause for the charges against Brown. *See supra* Section III.B; *see also Sundeen v. Kroger*, 133 S.W.3d 393, 395–96 (Ark. 2003). This is true even if Heard's statements were false. *See Frazier v. City of Pine Bluff, Ark.*, Case No. 5:16-CV-00135-BSM, 2017 WL 3160563, at *7 (E.D. Ark. July 25, 2017) ("[w]hether [a defendant] is actually guilty of the crime or whether all of the facts are entirely accurate is not the standard") (citation omitted).

E. Other Claims

Brown asserted several other claims in his original complaint that are discussed in the parties' briefings. Had these claims been asserted in Brown's most recent complaint,

---

[1] Brown had not been charged at the time he left the department, but Chief Evans had requested the prosecutor refer the matter to the Arkansas State Police for investigation. Doc. No. 21-5.

summary judgment would be granted on all of them. Brown's claim for retaliatory discharge in violation of the First Amendment and Arkansas Constitution would fail for the same reason as his Whistle-Blower claim, because no reasonable jury could conclude that Brown was retaliated against for reporting excessive force by Heard. Brown's defamation claim would fail because there is no dispute that Chief Evans truthfully told the Lake Village and Eudora police departments that Brown was under investigation. Pl.'s Resp. To Defs.' Facts ¶¶ 44–45. Brown's abuse of process claim would fail because the record contains no evidence that Chief Evans or Heard were involved in Brown's prosecution after charges were filed or did anything to extort or coerce him. *See S. Ark. Petroleum Co. v. Schiesser*, 36 S.W.3d 317, 323 (Ark. 2001).

      F.      <u>Official Capacity Claims</u>

Brown also asserts claims against the City and against Chief Evans in his official capacity. The claims against Evans are essentially claims against the City. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (suit against government officer in his official capacity is functionally equivalent to suit against the employing governmental entity). Summary judgment is granted on these claims because Brown has failed to show any underlying constitutional or statutory violations. *See McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [Doc. No. 20] is granted, and Lee Van Brown's lawsuit is dismissed with prejudice.

IT IS SO ORDERED this 26th day of July, 2023.

                                                      UNITED STATES DISTRICT JUDGE